United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 5, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30832
Summary Calendar
_____

LORRAINE M. JUPITER,

Plaintiff-Appellant,

v.

JOHN E. POTTER, Postmaster General,
United States Postal Service,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans
01-CV-358-S

_____

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lorraine M. Jupiter, appellant, appeals from a summary judgment dismissing her claims against the Postmaster General of the United States Postal Service. Appellant brought suit alleging racial harassment and retaliation under Title VII of the Civil

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* While she alleged several instances, each of which she asserted were violations of the Civil Rights Act, she abandons all of her claims on appeal save two: the "break schedule" incident of November 4, 1998, and the "constant harassment" of EEO charge #5 (sic).

With respect to the "break schedule" claim, the district court found that appellant had failed to show that appellee's conduct with respect to the lunch break schedule and the implementation of the schedule was based on race. Appellant does not set forth any argument to show how or why the district court erred in its conclusion. In any event, our own review of the record convinces us that appellant failed to establish a prima facie case or raise a fact issue with respect to any illegal animus for appellee's conduct. Appellee asserts and we find that appellant has failed to show that any of the postal activities were motivated by race, gender, or protected activity.

With respect to her "constant harassment" claim, we assume that appellant is referring to what she later describes in her brief as a claim for "retaliatory harassment." Her brief fails to set forth any legal authority in support of her argument. To the extent she might be arguing her treatment after she filed an EEOC complaint constituted retaliation for her protected activity, our finding above disposes of this argument.

Finally, appellant raises for the first time on appeal a

cursory and conclusory argument that she was constructively discharged (apparently to show an adverse employment action). This argument was not alleged or presented below and we do not address it here. We affirm essentially for the reasons set forth by the district court.

The judgment of the district court is AFFIRMED.